IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JERRY C. BROWN,**                                                                             **PLAINTIFF**

**V.**                  **NO. 1:04CV100-D-B**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                           **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff, Jerry C. Brown, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration (the "Commissioner"), which denied his claim for a Social Security Disability Income benefits under Title II and Supplemental Security Income benefits under Title XVI. The matter has been assigned to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation. Having fully considered the record, submissions of the parties and the applicable law, I find as follows.

**Procedural History**

Plaintiff filed an application for disability benefits under Title II and Supplemental Security Income benefits under Title XVI on August 5, 2003, alleging a disability onset date of July 1, 2002. (Tr. 140-44, 360-62). The applications were denied initially and on reconsideration. (Tr. 98-100).

In a hearing decision dated October 17, 2003, an administrative law judge (ALJ) found that plaintiff was not disabled under the Act. (Tr. 61-9). The ALJ's hearing decision became perfected as the final decision of the Commissioner when the Appeals Council after considering

additional evidence (Tr. 8-59), denied plaintiff's request for review on January 30, 2004. (Tr. 5-8). The ALJ's final hearing decision is now ripe for review under Section 205(g) of the Act, 42 U.S.C. §405(g).

**Facts**

Plaintiff was born November 20, 1983, (Tr. 140), and was 19 years of age on the date of the ALJ's hearing decision on October 17, 2003. (Tr. 64-9). Plaintiff had previously received benefits under his father's (Audie R. Brown) number. He completed the twelfth grade, having attended special education classes. (Tr. 77, 174). Plaintiff has previous work experience as a house cleaner and dishwasher. (Tr. 80). At the time of the administrative hearing, plaintiff stated he performed odd jobs for pay. (Tr. 84). Plaintiff alleged that he could not work due to panic attacks, ADHD and extreme hyperactivity. (Tr. 82-4). He acknowledged that he has no physical impairments. (Tr. 89).

After a review and evaluation of the medial evidence of record, the subjective testimony at the hearing, (Tr.74-92), and the testimony of a vocational expert, (Tr. 92-94), the ALJ found plaintiff not disabled. (Tr. 64-9). The ALJ found plaintiff had the residual functional capacity (RFC) to perform work that accommodated his mental limitations. (Tr. 69).

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d

842 (1971)).  Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present.  This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for SSI, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995.  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1]  *Id.*  §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled.  *Id*.  §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment,

3

(5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is

---

he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

**Analysis**

As an initial matter, plaintiff attached the report of Dr. Bonnie L. Atkinson to his appeal brief. The Court agrees with defendant that because this material has not been considered by the ALJ or the Appeals Council, it is not properly before the Court and, thus, has not been considered. Moreover, it is not relevant to the issues in this case, as Dr. Atkinson's report is dated May 14, 2004, and the ALJ considered plaintiff's condition only through October 17, 2003. Accordingly, Dr. Atkinson's report should be stricken.

The ALJ applied the five step evaluation process in this case. At step one, the ALJ found plaintiff had not engaged in substantial work activity since his alleged disability onset date. (Tr.65). Plaintiff makes no assignment of error at step one of the five-step evaluation process.

At step two, the ALJ found plaintiff has attention deficit hyperactivity disorder and borderline intellectual functioning, impairments that are severe within the meaning of the Regulations. (Tr. 67, 69). Nonetheless, at step three, the ALJ determined that neither of these conditions either alone or in combination met or medically equaled any listed impairment. *Id.* Specifically, the ALJ found plaintiff's impairments did not rise to the level required by Listings 12.02 Organic Mental Disorders and 12.05 Mental Retardation. *Id.* Plaintiff makes no specific argument that the requirements of Listing 12.02 were met in this case. Nonetheless, the Court has reviewed Listing 12.02 and finds that substantial evidence supports the ALJ's conclusion that plaintiff's impairments did not meet this Listing.

5

Plaintiff does suggest, however, that his impairments met the requirements of Listing 12.05(C), and the ALJ ignored his life-long medical diagnosis of depression, panic attacks and bipolar disorder.

Under both § 12.05(C) and § 112.05(D), the requirements for mental retardation are 1) significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22); 2) a valid verbal, performance or full scale IQ between 60 and 70; and 3) a physical or other mental impairment imposing an additional and significant work-related limitation of function. *See* 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05(C). The requirements for § 112.05(D) (12.05(C)'s counterpart for minors) are similar. *See* 20 C.F.R., pt. 404, subpt. P, app. 1, § 112.05(D).

In this case, defendant concedes that plaintiff has met the first two prongs of 12.05(C) and 112.05(D). Plaintiff was in special education classes throughout school, thereby evincing deficits of adaptive functioning during his developmental period. (Tr. 77). Additionally, plaintiff had a valid IQ score of 70. (Tr. 248). Based on this, the Court finds plaintiff has met the first two requirements of §§ 12.05(C) and 112.05(D).

However, defendant argues the ALJ was correct in finding plaintiff had no other physical or mental condition which imposed an additional significant work-related limitation of functioning. The Court disagrees. The ALJ found plaintiff's ADHD did not suffice as an additional impairment because the evidence showed the disorder, though "severe," was well controlled when plaintiff took his medication as prescribed. (Tr.67). Under 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.00 Mental Disorders, it is noted that the Agency will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits the claimant's "physical or mental ability to do basic work activities, i.e., is a 'severe'

6

impairment(s), as defined in §§ 404.1520(c) and 416.920(c)." In this case, the ALJ specifically found that plaintiff's ADHD was "'severe' based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b) [sic]." (Tr. 69). Accordingly, because plaintiff's ADHD was severe under Agency Regulations, it met the third requirement of 12.05(C) and 112.05(D) notwithstanding a finding that it was controlled by medication. Based on this, plaintiff's condition met a listed impairment, and the ALJ's evaluation should have ended at step three with a determination of disabled within the meaning of the Social Security Act.

### Recommendation

For the aforementioned reasons, it is recommended that the decision of the Commissioner be reversed and remanded for payment of benefits.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this, the 24th day of May, 2005.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**